IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **MICHAEL PETTY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 3:13CV1040 |
| | ) | JURY DEMAND (12) |
| **JENNINGS TIRE COMPANY d/b/a** | ) | Judge Campbell |
| **AMERICAN TIRE COMPANY,** | ) | Magistrate Knowles |
| Defendant. | ) | |

**INITIAL CASE MANAGEMENT ORDER**

A.  JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a).

B.  BRIEF THEORIES OF THE PARTIES:

1)  PLAINTIFF:

At all times relevant to this matter the Plaintiff was employed by the Defendant as basic vehicle service technician. Prior to being hired by the Defendant, the Plaintiff was a member of the Army reserves on a tour of duty in Afghanistan when he sustained several injuries including but not limited to post traumatic stress disorder, a traumatic brain injury, hearing loss, and injuries to his shoulder, back and knee. When hired by the Defendant, the Plaintiff requested the reasonable accommodation of time off work to attend medical appointments and that his 30 lb overhead lifting restriction be honored. While the Defendant agreed to provide these accommodations, the Plaintiff was subjected to harassment, discrimination and a hostile work environment purported by his direct supervisor due to his physical and mental limitations and his medical related absences

from work. On October 30, 2012, the Plaintiff was wrongfully terminated because of his service related health conditions and treatment.

Plaintiff asserts his termination violated state and federal statutes[1] prohibiting discrimination based on service related disabilities. Plaintiff seeks all available damages in conjunction with this discrimination and wrongful termination.

  2)  DEFENDANT:

American Tire offers quality automotive repair and the most trusted tire brands. Plaintiff was hired as a general service technician for American Tire in late June 2012. Plaintiff was terminated on or about October 30, 2012, for the legitimate, non-discriminatory reasons of excessive tardiness and absenteeism. Between June 29, 2012 and October 25, 2012, Plaintiff arrived after his 7:00 a.m. start time 56 times, he left work early six times and failed to report to work altogether 11 times. At no point did Plaintiff request any sort of accommodation or suggest he was suffering from any health condition that affected his ability to abide by the Company's regular attendance policy. Nor did Plaintiff give American Tire documentation from any physician or other healthcare provider relating to his tardies or absences. Plaintiff was repeatedly counseled by his supervisors about this excessive tardiness and absenteeism. Plaintiff acknowledged his attendance problems and said he would improve. When Plaintiff's ongoing issues with tardiness and absenteeism did not improve, Plaintiff's employment with American Tire was terminated.

  C.  ISSUES RESOLVED: Jurisdiction and venue.

  D.  ISSUES STILL IN DISPUTE: Liability and damages.

---

[1] The Plaintiff has also asserted a claim of discrimination in violation of the Americans with Disabilities Act As Amended, which is currently pending with the Equal Employment Opportunity Commission.

E.    INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before 14 days after the Initial Case Management Order is entered by this Honorable Court.

F.    DISCOVERY: The parties shall serve all written discovery on or before July 29, 2014.  All fact witnesses shall also be deposed by on or before August 29, 2014.  Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences. The deadline for filing discovery related motions (non-expert) is September 12, 2014.

G.    MOTIONS TO AMEND: The parties shall file all Motions to Amend the Pleadings on or before April 1, 2014.

H.    DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on August 1, 2014.  The defendant shall identify and disclose all expert witnesses and reports on dispositive issues on or before August 18, 2014.

The plaintiff shall identify and disclose all expert witnesses and expert reports on non-dispositive issues on or before September 12, 2014. The defendant shall identify and disclose all expert witnesses and reports on or before October 13, 2014.

I.    DEPOSITIONS OF EXPERT WITNESSES: Depositions of all expert witnesses on dispositive issues shall be performed by August 29, 2014.  The parties shall depose all expert witnesses on non-dispositive issues on or before October 10, 2014.

J.     .

.

K.     DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or October 28, 2014. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed <u>20 pages.</u> .

.

.

.

.

L.     ELECTRONIC DISCOVERY. The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

M.     ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 2-3 days.

N.     The target trial date (jury) is March 3 2015, before Judge Campbell.

It is so **ORDERED**.

_____
E. Clifton Knowles
U.S. Magistrate Judge